IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **TAFT STETTINIUS HOLLISTER** | : | Case No. 1:16-cv-00648-SJD |
| Plaintiff, | : | Hon. Judge Susan J. Dlott |
| v. | : | |
| HWAREH.COM d/b/a HEALTH WAREHOUSE.COM | : | **DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION FOR EXTENSION OF TIME** |
| Defendant. | : | |
| | : | |

On August 22, 2016, Defendant Hwareh.com ("Health Warehouse") filed a Motion for Extension of Time, seeking additional time to respond to Plaintiff's Motion for Remand until after Plaintiff, Taft Stettinius & Hollister ("Taft"), produces the relevant corporate documents concerning its limited liability partnership. This proposition would appear fairly simple and straight. Taft alone has possession of its corporate documents. Defendant needs to review these documents to identify the actual "general partners" and "limited partners" of the entity, in order to ascertain the citizenship of this "artificial entity."

For its part, Taft acknowledges that it converted a general domestic partnership into a limited liability partnership.[1] Once that conversation occurred, Taft became a **limited liability partnership**,[2] a corporate entity having one or general partners[3] and

---

[1] R.C. 1775.61(A). *See also* DEFENDANT'S MOTION FOR EXTENSION OF TIME TO CONDUCT DISCOVERY (July 21, 2016), "Exhibit B" - Taft Application for Registration of a Registered Partnership Having Limited Liability.

[2] R.C. 1782.91(H).

[3] R.C. 1782.01(F)

**JANSZEN LAW FIRM**
**A Legal Professional Association**

one or more limited partners, as defined by Ohio statutory law.[4]  That is what happened in 1997, when Taft applied for and obtained a formal Certificate of Limited Partnership from the Ohio Secretary of State.  One need only read the document to discern this fact.

And while Taft is correct that R.C. 1775.61 outlines the rules and requirements relating to this *conversion* (including for example the legal effects of conversion on the liability of the general partner),[5] R.C. Chapter 1782 sets forth the rules and requires for the Ohio limited liability partnership **after the conversion**.  For example, R.C. 1782.09 required Taft to file a formal amendment of the limited liability certificate within 30 days if, *inter alia*, a general partner withdraws or a new general partner is admitted.[6] Similarly, the statute defines when a person may become an actual limited partner of the corporate entity, "upon compliance with the partnership agreement or, if the partnership agreement does not so provide, upon the written consent of all partners."[7]

In application to the case at bar, and for the purposes of determining diversity jurisdiction, no one disputes that a limited partnership is an "artificial entity," requiring the trial court to look beyond the citizenship of the entity itself and consider the citizenship of "general partners" and "limited partners."[8]  In reaching this conclusion, the majority in *Carden* emphasized that this analysis was ***not*** dependent upon factual issues of management and control (i.e., who is "in charge") or the "real party in interest" (i.e., who "shares in the profits and losses").  Rather, the analysis requires the

---

[4] R.C. 1782.01(G)

[5] R.C. 1775.56.

[6] R.C. 1782.09(B)

[7] R.C. 1782.17

[8] *Carden v. Arkoma Associates,* 494 U.S. 185 (1990)

**JANSZEN LAW FIRM**
**A Legal Professional Association**

courts to look at "the particular agreement at issue in the case" to determine the general partners and limited partners of the entity.[9]

Taft is a limited liability partnership, which is an artificial entity created by and subject to Ohio statutory law (R.C. 1982.01 *et seq.*) and its own partnership agreement. The corporate documents, as amended, establish the individuals who are the general partner(s) and limited partner(s) of the artificial entity. For whatever reason, Taft does not want to produce those documents. This is the reason for delay and the factual basis of Defendant's motion.

Rather than produce the actual corporate documents, Taft has produced an affidavit, indicating that Mr. Robert Craig is an "equity partner" and "partner-in-charge" of its Kentucky office. Those terms ("equity partner" and "partner-in-charge") do not exist under Ohio statutory law and mean nothing in the analysis of diversity jurisdiction. Indeed, these terms do nothing more than inject the factual considerations of "corporate control" and "real party in interest" into the analysis, which is the approach rejected by the majority in Carden.[10]

Unless and until Taft produces these documents, identifying the actual general and limited partners of this artificial entity, Defendant cannot respond to the Motion for Remand. As soon as time expires on Plaintiff's obligations under Civil Rule 34 to produce those documents, Defendants will file a motion to compel this preliminary discovery, seeking to force Taft to produce the relevant corporate documents relating to the jurisdictional issues.

---

[9] *Id.* at 194.

[10] *Id.* at 193-195

3

## CONCLUSION

Accordingly, Defendant again requests additional time to respond to Plaintiff's Motion for Remand until Taft has produced the actual corporate documents, exclusively in its own custody and control, which identify the general partner(s) and limited partner(s) of its limited liability partnership.

Respectfully submitted,

_____
August T. Janszen (0062394)
THE JANSZEN LAW FIRM
4750 Ashwood Drive, Suite 201
Cincinnati, OH 45241
(513) 326-9065 (telephone)
(513) 326-9066 (facsimile)
atjanszen@janszenlaw.com
Attorney for Defendant
Hwareh.com

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of Courts using the Court's CM/ECF system which will send notification of such filing to the counsel of record on this 7th day of Septembert, 2016.

_____
August T. Janszen (0062394)

**JANSZEN LAW FIRM**
**A Legal Professional Association**