IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Taft Stettinius & Hollister LLP, | : | |
| | : | |
| Plaintiff, | : | Case No. 1:16-cv-648 |
| | : | |
| v. | : | Judge Susan J. Dlott |
| | : | |
| Hwareh.com d/b/a Health | : | Order Granting Motion to Remand and |
| Warehouse.com, | : | Denying Motions for Extension of Time |
| | : | |
| Defendant. | : | |

This matter is before the Court on Plaintiff's Motion to Remand (Doc. 6) and Defendant's Motions for Extension of Time (Docs. 7, 8). Plaintiff Taft Stettinius & Hollister LLP ("Taft") seeks the Court to remand this action on the basis that the parties lack the complete diversity of citizenship needed to satisfy 28 U.S.C. § 1332(a)(1). Defendant Hwareh.com moves for additional time to respond to the Motion to Remand arguing that it needs discovery regarding Taft's partnership agreements to determine Taft's citizenship for jurisdictional purposes.

For the reasons that follow, the Court concludes that Hwareh.com has not established good cause for an extension of time to take discovery from Taft. The discovery it seeks would not enable it to establish diversity jurisdiction. The Court will **DENY** Defendant's Motions for Extension of Time and will **GRANT** the Motion to Remand.

I.      PROCEDURAL HISTORY

Plaintiff Taft initiated this action by filing suit on May 13, 2016 against Defendant Hwareh.com in the Hamilton County, Ohio Court of Common Pleas. (Doc. 3.) Hwareh.com removed the action to this Court on June 15, 2016 asserting that the Court had subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) because the parties have diverse citizenship and the amount in controversy exceeds $75,000. (Doc. 1 at PageID 2.) Hwareh.com asserted in the

1

Notice of Removal that it is a Delaware corporation with its principal place of business in Kentucky and that Taft is a limited liability partnership with its principal place of business in Ohio.  (*Id.*)

On June 30, 2016, Taft moved to remand this action on the grounds that the parties are not diverse.  (Doc. 6.)  Taft asserts that it also is a citizen of Kentucky for purposes of the jurisdictional analysis.  (*Id.* at PageID 41.)  If Taft is correct, the Court lacks diversity jurisdiction because the matter would not be "between citizens of different States."  28 U.S.C. § 1332(a)(1).  Hwareh.com did not timely respond to the Motion to Remand.  Instead, it sought extensions of time to respond so that it first could conduct discovery into Taft's partnership affairs.  (Docs. 7, 8.)

**II.     STANDARD OF LAW**

A defendant can remove an action from state to federal court if the federal court otherwise would have had original jurisdiction.  28 U.S.C. § 1441(a).  Under 28 U.S.C. § 1447(c), a party may bring a motion to remand to challenge the removal.  The defendant bears the burden of proving the diversity requirements on a motion for remand.  *See Rogers v. Wal-Mart Stores, Inc.,* 230 F.3d 868, 871 (6th Cir. 2000); *H.R. ex. Rel. Reuter v. Medtronic, Inc.*, 996 F. Supp. 2d 671, 676 (S.D. Ohio 2014); *Gover v. Speedway Super Am., LLC*, 254 F. Supp. 2d 695, 699 (S.D. Ohio 2002).

**III.    ANALYSIS**

The Supreme Court has instructed that the citizenship of an artificial entity other than a corporation must be determined on the basis of the citizenship of all of its members or partners.  *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195 (1990).  A partnership is a citizen of every state in which its partners reside.  *See*, *e.g.*, *V & M Star, LP v. Centimark Corp.*, 596 F.3d 354, 355 (6th

Cir. 2010) ("[F]or purposes of determining diversity jurisdiction, a limited partnership is deemed to be a citizen of every state where its general *and* limited partners reside.") (quoting *Hooper v. Wolfe,* 396 F.3d 744, 748 (6th Cir. 2005) (emphasis in original)); *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009) ("The general rule is that all unincorporated entities . . . have the citizenship of each partner or member."); *Chhay v. Wells Fargo Home Mortg. Corp. N.A.*, No. 1:15cv1081, Memorandum of Opinion and Order, Doc. 9 (N.D. Ohio June 29, 2015) (stating that partnerships have the citizenship of each partner), *aff'd*, No. 15-3838, Order, Doc. 16-2 (6th Cir. Jan. 14, 2016); *Koetters v. Ernst & Young LLP*, No. Civ. A. 3:05-19, 2005 WL 1475533, at *1–2 (E.D. Ky. June 21, 2005) (stating that a limited liability partnership has the citizenship of each of its partners).

Taft is a limited liability partnership under Ohio law.  Taft registered as a "partnership having limited liability" with the Ohio Secretary of State on December 24, 1997 pursuant to Ohio Revised Code § 1775.61(A).  (Doc. 7 at PageID 59–61.)  Ohio Revised Code Chapter 1775, dealing with partnerships, was repealed in 2008 and replaced with Ohio Revised Code Chapter 1776.  Taft's most recent filing with the Secretary of State lists it as a "limited liability partnership," the terminology used in Ohio Revised Code Chapter 1776.  (*Id.* at PageID 63.)  Taft has presented evidence in the form of the sworn Declaration of Robert B. Craig, a Taft partner, that he and Taft partners reside in the State of Kentucky.  (Doc. 6-1 at PageID 45–46.)  Robert Craig specifically states that he is the "partner-in-charge" of Taft's Northern Kentucky office and an "equity partner" who "receive[s] a share in the profits and losses of the partnership according to [his] percentage interest." (*Id.* at PageID 45.)  He further states that he participates in the management of Taft and has a vote in all partnership matters.  (*Id.* at 45–46.)  Finally, he names Edward D. Diller, John B. Nalbandian, Ronald C. Christian, Robert A. Bilott, Julia B.

Meister, and Daniel E. Fausz as other Taft equity partners who reside in Kentucky.  This evidence suffices to prove that Taft, a citizen of every state of which a partner resides, is a citizen of the State of Kentucky for jurisdictional purposes.  *See*, *e.g.*, *V & M Star*, 596 F.3d at 355; *Delay*, 585 F.3d at 1005; *Koetters*, 2005 WL 1475533, at *1–2.

Hwareh.com seeks to sow confusion into this analysis.  It concedes that a partnership is a citizen of every state where its general or limited partners reside.  (Doc. 7 at PageID 49; Doc. 10 at PageID 78.)  However, Hwareh.com will not concede that Taft is a citizen of the State of Kentucky.  Instead, it seeks leave for an extension of time to respond to the Motion to Remand in order to conduct discovery regarding Taft's partnership agreements in order to determine the residency of each general or limited partner of Taft.[1]

Hwareh.com cites a case from a court outside the Sixth Circuit which held that two so-called "contract partners" of an Ohio-based law firm who resided in Illinois were not general or limited partners for the purposes of determining the citizenship of the law firm.  *Passavant Mem'l Area Hosp. Ass'n v. Lancaster Pollard & Co.*, No. 11-cv-3116, 2012 WL 1119402, at *6–7 (C.D. Ill. Apr. 3, 2012).  The so-called "contract partners" lacked the traditional indices of partnership such as sharing in the profits or losses and management of the partnership and were, in fact, "employees or independent contractors with a title."  *Id.*  The *Passavant* case, however, does not provide grounds for Hwareh.com to conduct discovery to go fishing through Taft's partnership affairs.  Robert Craig has stated in his sworn Declaration that he is an equity partner who shares in Taft's profits and losses and has management responsibilities as the partner-in-charge of the Kentucky office.  (Doc. 6-1 at PageID 45–46.)  Hwareh.com offers no basis to

---

[1] Hwareh.com asserts throughout its briefs that because Taft is a "limited liability partnership," it must also be a "limited partnership" with "general partners" and "limited partners" as those terms are defined and used in Ohio Revised Code Chapter 1782.  Hwareh.com does not cite any authority for its apparent assumption that all limited liability partnerships are also limited partnerships.  Taft denies that it is a limited partnership governed by Ohio Revised Code Chapter 1782.  However, this dispute is not relevant to the Court's determination of the pending motions.

question the veracity of Robert Craig's sworn statements. Even under the non-binding *Passavant* decision, Robert Craig qualifies as a partner whose residency must be considered to determine whether diversity jurisdiction exists.

The Court concludes that Robert Craig is a partner whose residency in Kentucky makes Taft a citizen of Kentucky for purposes of diversity jurisdiction. The parties are not diverse for purposes of § 1332(a)(1) because Hwareh.com also is a citizen of Kentucky. The Court will not grant Hwareh.com an extension of time to respond to the Motion to Remand in order to take discovery regarding the partnership affairs of Taft. Neither Hwareh.com nor the Court need to determine the residency of Taft's other partners because Taft's citizenship in Kentucky has been established. Moreover, the Court will not permit further briefing on the Motion to Remand because it would be untimely and futile. The Court must remand the case because it lacks subject matter jurisdiction over this case.

**IV. CONCLUSION**

For the foregoing reasons, Plaintiff's Motion to Remand (Doc. 6) is **GRANTED** and Defendant's Motions for Extension of Time (Docs. 7, 8) are **DENIED**.

IT IS SO ORDERED.

    S/Susan J. Dlott_____
    Judge Susan J. Dlott
    United States District Court